IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY C.,                           §
                                       §
          Plaintiff,                   §
                                       §
V.                                     §          No. 3:17-cv-477-BN
                                       §
NANCY A. BERRYHILL,                    §
Acting Commissioner of Social Security, §
                                       §
          Defendant.                   §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly C. seeks judicial review of a final adverse decision of the

Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons

explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled as a result of bipolar disorder, Ehlers

Danlos syndrome, attention deficit hyperactivity disorder ("ADHD"), anxiety, and

degenerative disc disease of the lumbar spine. After her applications for disability

insurance benefits was denied initially and on reconsideration, Plaintiff requested a

hearing before an administrative law judge ("ALJ"). After three hearings, the ALJ

issued an unfavorable decision, Plaintiff appealed to the Appeals Council, and the

Appeals Council remanded the case to the ALJ for further proceedings. *See* Dkt. No.

8 (Administrative Record ["Tr."] at 37-108, 172-76).

The ALJ then held a hearing on October 8, 2015. *See id.* at 109-46. At the time

of the hearing, Plaintiff was 45 years old. She is a high school graduate and has past

work experience as a receptionist, collections clerk, and data entry clerk. Plaintiff has not engaged in substantial gainful activity since July 18, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from migraine headaches, degenerative disc disease of the lumbar spine, bipolar disorder, and a history of amphetamine dependence, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a receptionist, collection clerk and data entry clerk.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the ALJ's finding that she can return to her past relevant work is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff argues that the ALJ's finding that she can perform past relevant work is not supported by testimony from a vocational expert ("VE") or other evidence in the record, that the limitations in the residual functional capacity ("RFC") determination would preclude her past relevant work, and that Plaintiff's past relevant work was a composite job.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions

are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id*. § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial

evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ's finding that Plaintiff can perform past relevant work is not supported by substantial evidence.[1]

A claimant will be found to be "not disabled" when it is determined that she retains the RFC to perform either the "actual functional demands and job duties of a particular past relevant job" or the "functional demands ... of the occupation as generally required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *1-*2 (S.S.A. Nov. 30, 1981); *see also* 20 C.F.R. § 404.1560(b)(2). To determine whether a claimant can perform her past work, the ALJ is required to assess the physical demands of the claimant's prior work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). An ALJ may use VE testimony to obtain evidence of the physical and mental demands of a claimant's past relevant work either as the claimant actually performed it or as generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2).

The ALJ determined that Plaintiff has the RFC to perform a limited range of light work. Specifically, the ALJ determined that Plaintiff can stand or walk for four to six hours in an eight-hour day and will need to alternate between sitting and standing or change positions for five minutes every thirty minutes or hour; Plaintiff can occasionally climb ladders and perform other postural activities frequently;

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

Plaintiff should avoid concentrated exposure to vibrations and uneven terrain; Plaintiff should perform indoor work; and Plaintiff can perform detailed work and occasionally have face-to-face contact with the public. *See* Tr. at 17.

Based on this RFC finding, the ALJ determined that Plaintiff was not disabled because she was capable of performing past relevant work as a receptionist, collection clerk, and data entry clerk as those jobs were both actually and generally performed. *See id.* at 26, 136-46; *see also* DICTIONARY OF OCCUPATIONAL TITLES ("DOT") § 237.367-038, 1991 WL 672192 (receptionist); § 216.362-014, 1991 WL 671915 (collection clerk); § 203.582-054, 1991 WL 671700 (data entry clerk) (Rev. 4th ed. 1991) (available at [www.westlaw.com](www.westlaw.com) (database DICOT)). All three jobs are classified as sedentary. The receptionist and data entry clerk jobs are classified as specific vocational preparation ("SVP") level 4 jobs, and the collection clerk job as SVP level 5. In response to questions from the ALJ, the VE testified that all three jobs would require "detailed work," which is a term not defined in the DOT. *See* Tr. at 137-40.

The ALJ did not pose hypothetical questions to the VE based on different RFC criteria. But Plaintiff's attorney did. Plaintiff's attorney asked whether a hypothetical person of Plaintiff's age, education, and work experience with an RFC to lift no more than ten pounds frequently and twenty pounds occasionally; sit, stand or walk for six hours; not climb ropes, ladders, or scaffolds; perform detailed work; not adapt to frequent work-setting changes, such that her work should be repetitive and routine; and have occasional contact with the public, co-workers, and supervisors could perform

any of Plaintiff's prior relevant work. The VE answered that she could perform only the data entry clerk job. *See* Tr. at 140-43.

The ALJ incorrectly states that the VE testified that Plaintiff could perform all three of her prior relevant jobs. *See id.* at 27. The VE testified about the SVP and skill levels of those jobs and Plaintiff's ability to perform detailed work, based on both the DOT and the VE's experience, but the VE did not testify about Plaintiff's ability to perform past relevant work except in response to Plaintiff's attorney's hypothetical question posing a RFC that differs from that in the ALJ's Decision. *See id.* at 136-46.

In the ALJ's RFC, the ALJ found that Plaintiff "will need to alternate between sitting and standing or change positions for five minutes every 30 minutes or hour." *Id.* at 17. That limitation was not included in the Plaintiff's hypothetical to the VE, and the VE was not otherwise asked whether Plaintiff could perform past relevant work with the sit and stand limitation. Nor is it included in the DOT descriptions of the three jobs comprising Plaintiff's past relevant work.

The Commissioner argues that the ALJ was not required to obtain VE testimony on the sit and stand limitation. ALJs may take notice of the reliable job information available from various governmental and other publications, including the DOT, which reflects the exertional and nonexertional requirements of a job as performed in the national economy, *see Dangel v. Massanari,* No. 1:01-cv-012-C*,* 2001 WL 1335915, at *4 (N.D. Tex. Oct. 24, 2001) (citing *Villa*, 895 F.2d at 1022, and 20 C.F.R. §

404.1566(d)(1)), and there is no requirement that the administrative law judge solicit testimony from a vocational expert on this issue, *see id.*

But the ALJ is still required to make specific findings as to the Plaintiff's RFC, the physical and mental demands of the past relevant work, and the relation of the RFC to the past work. *See* SSR 82-62, 1982 WL 31386, at *3 (1982); *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001). And the ALJ failed to do so here. Instead, it appears that the ALJ relied on his own speculation that Plaintiff could perform her past relevant work with the limitations included in his RFC.

Accordingly, there is no evidence in the record that Plaintiff could perform her past relevant either as it was actually performed or as it is generally performed in the national economy with the with the sit and stand limitation included in the ALJ's RFC. And because the ALJ's decision on disability may have come out differently if he arrived at a different RFC with the benefit of this additional evidence, reversal and remand is required.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: August 30, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE